UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RYAN MARSHALL

        Petitioner

v.

BRISTOL COUNTY SUPERIOR COURT

        Respondent.

CIVIL ACTION NO.:
13-10492–EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

July 1, 2013

HARRINGTON, S.D.J.

Petitioner Marshall has petitioned this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2441 to bar his prosecution for the murder of George Carpenter pending in the Bristol County Superior Court.

Six people, including the Petitioner, have been tried for the beating death of Mr. Carpenter. The evidence against Petitioner was that he kicked Mr. Carpenter twice in the leg.

Petitioner claims that this pending murder prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, based on the previous reversal <u>for insufficient facts</u> of Petitioner's conviction for being an accessory before the fact to the murder of the same Mr. Carpenter in <u>Commonwealth v. Rodriquez</u>, 931 N.E.2d 20 (Mass. 2010).

Petitioner contends that a finding of insufficient facts acts as a Double Jeopardy bar to a second trial. See <u>Burks v. United States</u>, 437 U.S. 1 (1978); <u>Berry v. Commonwealth</u>, 473

N.E.2d 1115, 1118-19 (Mass. 1985).

Petitioner was charged with being an accessory before the fact to murder in violation of Mass. Gen. Laws ch. 274, § 2, alleging that he "before the said felony was committed, did incite, aid, counsel, hire or command that" four named men murder the victim, Mr. Carpenter. At trial, the Commonwealth proceeded on the theory that Petitioner did "aid" his co-defendants in committing the murder, the prosecutor having conceded that there was no evidence that Petitioner had counseled, hired or otherwise procured the felony. At the time of trial Mass. Gen. Laws ch. 274, § 2, was a crime "separate and distinct" from the crime of "aiding and abetting" a felony. See Rodriguez, 931 N.E.2d at 41. Petitioner's Motion For a Required Finding of Not Guilty was denied.

After a jury trial, a jury convicted the Petitioner and he appealed. The Supreme Judicial Court reversed Petitioner's conviction determining that, although the evidence at trial was sufficient to establish that the Petitioner had participated in the murderous assault, the evidence failed to establish that Petitioner had done any act before the assault to counsel, hire, or otherwise procure it. Id. at 43.

Petitioner was subsequently indicted for the murder of Mr. Carpenter in the first degree in violation of MASS. GEN. LAWS ch. 265, § 1.

Petitioner filed a Petition pursuant to MASS. GEN. LAWS ch. 211, § 3 in the Supreme Judicial Court for Suffolk County, where a single justice of the Supreme Judicial Court reserved and reported the following two questions to the full Court: (1) whether, where the evidence is insufficient to warrant a finding of guilt on an indictment charging a defendant with being an accessory before the fact to murder in the first degree, see MASS. GEN. LAWS ch. 274, § 2, and

2

the Defendant's conviction was vacated, a subsequent prosecution for murder in the first degree under that statute would violate the prohibition against double jeopardy; and (2) in the circumstances of this case, given the erroneous jury instructions and the erroneously admitted evidence, whether the prosecution of this defendant for murder in the first degree is barred on the grounds of double jeopardy.

Upon review by the full Court, the Supreme Judicial Court held that (1) the actions of one who "aids" in the commission of an offense and the actions of "accessories before the fact," do not constitute "separate and distinct" offenses, but rather constitute different routes to the same end of criminal liability as a knowing participant to the crime, abrogating Rodriguez; and (2) where the petitioner's prior conviction was reversed due to a fatal variance between the facts proved and the wording of the indictment, the Commonwealth is not precluded from trying the petitioner again, under an appropriate trying instrument, for the crime proved at the first trial. Marshall v. Commonwealth, 977 N.E.2d 40, 47-49 (Mass. 2012).  The Supreme Judicial Court in Marshall changed the crime of accessory before the fact under MASS. GEN. LAWS ch. 274, § 2, from a "separate and distinct" crime as held by Rodriguez, to a new theory of accomplice liability for murder.  Marshall, 977 N.E.2d at 47.

The Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting two claims:  (1) his indictment violates his Fifth Amendment protection against double jeopardy because he is being tried again for the same crime; and (2) the Supreme Judicial Court improperly changed accessory before the fact from being a separate crime to a new theory

of murder, creating an *ex post facto* law.[1]

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  In Benton v. Maryland, 395 U.S. 784 (1968), the United States Supreme Court held that the Fifth Amendment guarantee against double jeopardy is applicable to the States through the Fourteenth Amendment.  The Double Jeopardy Clause affords three types of protection: (1) it protects against a second prosecution for same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple offenses for the same offense.  See Mahoney v. Commonwealth, 612 N.E.2d 1175, 1178 (Mass. 1993); North Carolina v. Pearce, 395 U.S. 711, 717 (1969); see also Commonwealth v. Arriaga, 691 N.E.2d 585, 587 (Mass. App. Ct. 1998) (acknowledging that the Commonwealth's double jeopardy rule and the Double Jeopardy Clause of the Fifth Amendment protects against these three forms of abuse).  It is the third protection which is the basis of the instant petition.

Recognizing that the prohibition against double jeopardy generally bans a second prosecution for the same offense after conviction or acquittal, the Supreme Judicial Court noted it does not necessarily bar a retrial where a conviction has been set aside on appeal.  Marshall, 977 N.E.2d at 47.

The Supreme Judicial Court did acknowledge that the Commonwealth generally cannot retry a defendant "when an appellate court overturns a conviction because of insufficient evidence," but may do so where other theories (supported by evidence at a first trial) would

---

[1] The *ex post facto* issue has not been exhausted, but exhaustion is not required when the ground for the Writ is double jeopardy.  Especially is this so in a matter where the *ex post facto* issue was created by the Supreme Judicial Court itself in its Marshall opinion.

4

support a defendant's conviction in a second trial, or where a conviction in the first trial is reversed on appeal because of a variance between the indictment and the proof established at trial. Id. at 47-48.

The Supreme Judicial Court explained in Marshall that the first indictment specifically charged Petitioner with engaging in conduct "before the said [murder] was committed", while proof at trial established that he joined in the assault by kicking the victim. Thus, the Supreme Judicial Court held that Petitioner was convicted of a crime for which he had not been charged. Id. at 48.

Petitioner was originally charged with the then "separate and distinct" crime of being an accessory before the fact to murder under MASS. GEN. LAWS ch. 274, § 2. His conviction was reversed on appeal on the grounds of legally insufficient evidence. Rodriguez, 931 N.E.2d at 43. If Petitioner's conviction under MASS. GEN. LAWS ch. 274, § 2, had not been reversed on appeal, Petitioner would have been sentenced as a principal to the murder of George Carpenter.

The Supreme Judicial Court in Rodriguez did not base its decision on any variance between the indictment and the proof at trial, contrary to its holding in Marshall, but rather on the basis of insufficient evidence. See Commonwealth v. Rodriquez, 931 N.E.2d 20 (Mass. 2010)

This Court holds that the Double Jeopardy Clause bars the trial of the Petitioner on the charge of murder on the authority of Burks v. United States, 437 U.S. 1 (1978), which held that there can be no second trial once the reviewing court has found the evidence insufficient to sustain the jury's verdict of guilty. The rationale for this holding is that, due to the insufficiency of the evidence, a directed verdict of acquittal should have been entered at trial. In the recent case of Evans v. Michigan, 133 S.Ct. 1069 (2013), the United States Supreme Court stated "our cases

have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense".

In the matter before the Court an error of law by the trial court, in failing to grant a motion for a required finding of not guilty upon legally insufficient evidence for the offense of being an accessory before the fact to murder, should bar a second trial for the same murder brought under a new theory of accomplice liability.

The Petitioner's Motion for a Required Finding of Not Guilty should clearly have been granted as a matter of law <u>at trial</u>.  The insufficiency of the evidence on the charge was obvious. The trial court's error necessitated that the reversal had to be made belatedly on appeal, rather than on a finding of not guilty <u>at trial</u>.  The protection of the Double Jeopardy Clause is not dependant on the accidental stage of the criminal process at which the insufficiency of the evidence is declared.

In brief, Petitioner should have been acquitted at trial as a matter of law.  He, therefore, cannot be tried for a second time on a new theory of accomplice liability for the same murder. The instant case is controlled by the <u>Burks</u> decision.

A fundamental principle of the Double Jeopardy Clause is that there shall be only one trial for each crime, here for the crime of the murder of Mr. Carpenter, and not successive trials for each theory of murder, such as an "aider and abettor", as an "accessory before the fact" or as a principal participant in the commission of the crime of murder.

Under the Double Jeopardy Clause a defendant shall not be first prosecuted for the separate crime of being an accessory before the fact to murder and, then, upon reversal for insufficient evidence, be tried a second time for the murder of the same individual under a new

6

theory of murder, that as an "aider and abettor", he was a principal of the crime of murder under MASS. GEN. LAWS ch. 265, § 1.

The Commonwealth cannot be allowed to pick and choose successive theories of murder and to proceed upon successive trials for each of its new theories. The Commonwealth must stand on its theory of murder alleged at the first trial or otherwise the principle of one trial for each crime, which is at the core of the Double Jeopardy Clause, would be nullified.

Petitioner shall not be tried as a principal to the murder of George Carpenter for a second time as his conviction was reversed on the ground of insufficient evidence.

The Petition is allowed and the Writ of Habeas Corpus is to issue. The trial of Petitioner for the murder of George Carpenter is hereby BARRED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge